IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. 3:17cr149

**EMMANUEL O. ROBINSON,**

Petitioner.

## MEMORANDUM OPINION

Emmanuel O. Robinson, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("Second § 2255 Motion"). (ECF No. 73). The Government responded, asserting, *inter alia*, that Robinson's Second § 2255 Motion is barred by the statute of limitations. (ECF No. 77–1.) Robinson has filed a Response. (ECF No. 79.) For the reasons set forth below, the Second § 2255 Motion, (ECF No. 73), will be DENIED.[1]

## I. Procedural History

Pursuant to a written plea agreement, Robinson pled guilty to possession with intent to distribute heroin and possession of a firearm by a convicted felon. (ECF No. 29, at 1–2.) On July 10, 2018, the Court sentenced Robinson to a total of 151 months of imprisonment for the above offenses. (ECF No. 42, at 1–2.) Robinson appealed. (ECF No. 49.) On February 25, 2019, the United States Court of Appeals for the Fourth Circuit dismissed Robinson's appeal in part and affirmed the decision of this Court. (ECF No. 58, at 1.)

On or about October 25, 2019, Robinson filed a 28 U.S.C. § 2255 motion ("First § 2255 Motion") with this Court. (ECF No. 63.) On or about March 19, 2020, Robinson moved to voluntarily dismiss his First § 2255 Motion. (ECF No. 71.) By Memorandum Order entered on

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Robinson's submissions.

April 3, 2020, the Court granted the motion and dismissed the First § 2255 Motion without prejudice. (ECF No. 72.)

On July 27, 2020, Robinson placed the Second § 2255 Motion in the prison mail system. (ECF No. 73, at 12.) The Court deems the Second § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his Second § 2255 Motion, Robinson raises the following two claims for relief:

| | |
|---|---|
| Claim One | Due to counsel's ineffective assistance, Robinson was improperly classified as a career offender. (ECF No. 74, at 17–20.) |
| Claim Two | After *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Robinson's conviction under "18 U.S.C. § 922(g) is null and void because the Government was not able to prove both that Robinson knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." (ECF No. 74, at 21 (emphasis omitted).) |

## II. Analysis

### A. Running of the Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Robinson's conviction became final on Tuesday, May 28, 2019, the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Hence, Robinson had until Thursday, May 28, 2020, to file his motion under 28 U.S.C. § 2255.[2] Because Robinson did not file his Second § 2255 Motion until July 27, 2020, the Second § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Thus, Robinson's Second § 2255 Motion is untimely unless Robinson demonstrates a basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. As explained in greater detail below, Robinson fails to do so.[3]

### B. **Actual Innocence**

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may

---

[2] Robinson's First § 2255 Motion, which was dismissed without prejudice, does not toll or otherwise impact the running of the statute of limitations. *See Jones v. United States*, 304 F.3d 1035, 1041 n.11(11th Cir. 2002) (concluding "a timely filed § 2255 motion clearly will not toll the one-year limitation period for a second, untimely filed § 2255 motion"); *Chambers v. United States*, 30 F. App'x 346, 348 (6th Cir. 2002).

[3] The decision in *Rehaif*, issued on June 21, 2019, does not constitute a *new right* made retroactively applicable to cases on collateral review under 28 U.S.C. § 2255(f)(3). *See United States v. Scuderi*, 842 F. App'x 304, 305 (10th Cir. 2021); *Young v. United States*, No. 20–10334–G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). Moreover, even if that decision warranted a belated a commencement of the limitation period, it would not render Robinson's Second § 2255 Motion timely because his Second § 2255 Motion was filed more than a year after the decision in *Rehaif* issued.

pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). *McQuiggin,* however, "does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones,* 758 F.3d 579, 587 (4th Cir. 2014). Therefore, Robinson's assertion that he is actually innocent of being a career offender in Claim Two, fails to provide a basis for avoiding the limitation period.

Robinson also suggests that, in the wake of *Rehaif,* he is actually innocent of being a felon in possession of firearm. (ECF No. 74, at 21.) Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif,* the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[4]

---

[4] In *Rehaif,* a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:
>Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
>Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of

The Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." *Id.* at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *cert. denied*, 141 S. Ct. 2807 (2021).

There is no question that Robinson knowingly possessed firearms and did so knowing that he belonged to the class of person prohibited from possessing a firearm. First, Robinson obviously knew as a felon he belonged the class of person prohibited from possessing a firearm. This is demonstrated by the fact that, prior to the instant offense, in 2010, Robinson had been convicted in this Court of possession of a firearm by a convicted felon and sentenced to sixty months of imprisonment. (ECF No. 39 ¶ 50.)[5] Second, in his Statement of Facts, Robinson acknowledged that he knowingly possessed multiple firearms.[6] Robinson fails to advance any

---

incarceration. *Id.* The U.S. Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[5] *United States v. Walker*, No. 18–4110, 2022 WL 2827047, at *1 (4th Cir. July 20, 2022) ("Among other compelling evidence that Walker knew he was a felon at the relevant time is that he had previously been convicted under § 922(g)(1) of being a felon in possession of a firearm.").

[6] In his Statement of Facts, Robinson acknowledge that the following facts were true and United States could prove them beyond a reasonable doubt:

> 2. On or about October 18, 2017, in the Eastern District of Virginia and within the jurisdiction of this Court, EMMANUEL ROBINSON, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, *did knowingly* and unlawfully *possess* firearms, to wit: a Glock .40 caliber semi-automatic pistol, model 22, serial number HYR229; and an SCCY 9mm semi-

5

reliable evidence of innocence or any basis for avoiding the statute of limitations. Accordingly, Robinson claims and his Second § 2255 Motion are barred by the relevant statute of limitations.

### III. Conclusion

For the foregoing reasons, the Second § 2255 Motion, (ECF No. 73), will be DENIED as barred by the statute of limitations. Robinson's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/17/2022  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

---

automatic pistol, model CPX-1, serial number 423388, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(l)

(ECF No. 28 ¶ 2 (emphasis added).)

[7] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Robinson has not satisfied this standard.